Gail J. Standish (SBN: 166334)
gstandish@winston.com
Peter E. Perkowski (SBN: 199491)
pperkowski@winston.com
Drew A. Robertson (SBN: 266317)
drobertson@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Dennis D. Murrell (*pro hac vice*)
dmurrell@middreut.com
Robert J. Theuerkauf (*pro hac vice*)
rtheuerkauf@middreut.com
MIDDLETON REUTLINGER
2500 Brown & Williamson Tower
401 S. Fourth Street
Louisville, Kentucky 40202-3410
Telephone: (502) 584-1135
Facsimile: (502) 561-0442

Attorneys for Plaintiff and
Counterclaim Defendants

NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIOMET BIOLOGICS, LLC, an Indiana Corporation, and PLASMASEAL LLC, a California Limited Liability Company<br><br>    Plaintiffs and Counterclaim Defendants,<br><br>vs.<br><br>BIO RICH MEDICAL, INC., a California Corporation, and EDWARD MILLS RICH, an individual,<br><br>    Defendants and Counterclaim Plaintiffs. | Case No. SACV10-1582-DOC (PJWx)<br><br>Hon. David O. Carter<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>JURY TRIAL DEMANDED |

Note changes to protective order at Paragraph 11. Under seal filings governed by Local Rule 79-5.

STIPULATED PROTECTIVE ORDER

**Winston & Strawn LLP**
333 S. Grand Avenue
Los Angeles, CA 90071-1543

# STIPULATED PROTECTIVE ORDER

The parties to this action having determined that certain documents, testimony, or information produced or given during discovery in these proceedings may constitute commercial, financial, trade secret and/or other proprietary information which should be kept confidential in order to protect the legitimate business interests of the parties, their customers and business associates, nonparties, and other persons, and to expedite the discovery process and permit it to proceed without delay occasioned by disputes regarding such claims of confidentiality. Therefore, pursuant to Fed. R. Civ. P. 26(c), the parties, by counsel, jointly move for entry of the within Order.

IT IS HEREBY STIPULATED by the attorneys for the parties, subject to the approval of the Court, that:

1. <u>Scope of Order</u>. This Order governs the treatment of documents, depositions, deposition exhibits, deposition transcripts and deposition videos, interrogatory answers, responses to requests to admit and other written, recorded, computerized, electronic or graphic matter, or other information ("Discovery Material") produced by any party or any nonparty who agrees to the terms of this Order (the "Producing Person") in the above-captioned Action that is designated confidential by the Producing Person in accordance with the procedures set forth below.

2. <u>Designation of "Confidential' or "Highly Confidential-Attorneys' Eyes Only" Matter</u>. A Producing Person producing Discovery Material to any other party (the "Inspecting Party") pursuant to formal or informal discovery (including but not limited to Fed. R. Civ. P. 30, 31, 33, 34 and 36) may designate only such portion of such Discovery Material as "Confidential" that contains or would otherwise disclose information of a non-public nature which the Producing Person believes in good faith to be a trade secret or other confidential research, development, or commercial information. A Producing Person producing Discovery Material to any Inspecting

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1  Party may designate only such portion of such Discovery Material as "Highly
2  Confidential-Attorneys' Eyes Only" that contains or discloses information that the
3  producing party deems to be particularly sensitive personal, business or financial
4  information, the disclosure of which beyond the persons to whom disclosure is
5  allowed in this Order the Producing Person believes, in good faith, could result in
6  business or personal harm.  Discovery Materials designated by a nonparty may be
7  designated by that nonparty as "Confidential" or "Highly Confidential-Attorneys'
8  Eyes Only" without regard to the source of that material.  In the alternative, Discovery
9  Materials produced by a nonparty that are the "Confidential" or "Highly Confidential-
10 Attorneys' Eyes Only" materials of any Party may be designated as so by that Party.
11 Such designations may only be made when the Producing Person has a good-faith
12 basis for considering the Discovery Material to constitute "Confidential" or "Highly
13 Confidential-Attorneys' Eyes Only" Discovery Material.  All Discovery Material so
14 designated as either "Confidential" or "Highly Confidential-Attorneys' Eyes Only"
15 and all information derived therefrom shall be referred to in this Order as
16 "Confidential Discovery Material" and shall be treated in strict accordance with the
17 terms of this Order.

18     3.    <u>Designation of Confidential Discovery Material</u>.  The designation of
19 Confidential Discovery Material shall be made by marking the cover page with a
20 stamp containing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-
21 ATTORNEYS' EYES ONLY" or by designating such information as
22 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY"
23 by description in discovery responses or in correspondence accompanying the
24 discovery responses or documents.  With respect to multi-page documents that contain
25 "Confidential" or "Highly Confidential-Attorneys' Eyes Only" information, the
26 designation may be made by marking only the first page thereof "Confidential" or
27 "Highly Confidential-Attorneys' Eyes Only" so long as such multi-page documents
28 are securely bound.  With respect to Confidential Discovery Material in computerized,

video or electronic format, the Producing Person may inform the Inspecting Party in writing of its designation as Confidential Discovery Material. The Inspecting Party shall treat any printouts of such material in accordance with the treatment afforded Confidential Discovery Material elsewhere in this Order. With respect to deposition transcripts, the Producing Person may, on record of a deposition, or within 21 business days after receipt of the final of each volume of transcript of such deposition and/or video thereof, designate any portion or portions of such transcript and/or video thereof, including exhibits, as Confidential Discovery Material under the terms of this Order. Until such time period elapses, the entire volume of the deposition transcript (and any draft transcripts) shall be treated as "Highly Confidential-Attorneys' Eyes Only" unless otherwise specified in writing or on the record of the deposition by the Producing Person. All copies of deposition transcripts and/or videos thereof that contain Confidential Discovery Material shall be prominently marked "Confidential" or "Highly Confidential-Attorneys' Eyes Only" on the cover and/or label thereof and, if filed with the Court, the portions of such transcripts and/or videos so designated shall be filed under seal.

4. <u>Prior Production of Confidential Discovery Material</u>. "Confidential" or "Highly Confidential-Attorneys' Eyes Only" treatment may be claimed for Discovery Material produced prior to the entry of this Order either by (a) providing counsel for Inspecting Party with new copies that have been stamped "Confidential" or "Highly Confidential-Attorneys' Eyes Only" or (b) providing counsel for the Inspecting Party with a written description of those documents for which "Confidential" or "Highly Confidential-Attorneys' Eyes Only" treatment is desired and the request that counsel for the Inspecting Party treat any such documents and summaries thereof as "Confidential" or "Highly Confidential-Attorneys' Eyes Only."

5. <u>Inadvertent Production of Confidential or Highly Confidential-Attorneys' Eyes Only Matter</u>. In the event any Producing Person discovers that it has inadvertently produced Confidential Discovery Material to an Inspecting Party

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1 without correctly designating such material as "Confidential" or, "Highly
2 Confidential-Attorneys' Eyes Only" the Producing Person may thereafter claim
3 "Confidential" or "Highly Confidential-Attorneys' Eyes Only" treatment for the
4 Confidential Discovery Material by notifying the Inspecting Party in writing of the
5 inadvertent disclosure and identifying the Confidential Discovery Material for which
6 "Confidential" or "Highly Confidential-Attorneys' Eyes Only" treatment is claimed,
7 and the parties shall thereafter treat such documents or information in accordance with
8 this Order.

9     6. <u>Inadvertent Production of Privileged or Protected Documents</u>. Any
10 discovery documents produced in this litigation may be later designated as "Attorney-
11 Client Privilege" or "Attorney Work Product" promptly upon discovery by the
12 Producing Person that any such privileged or protected document was produced
13 through inadvertence, mistake or other error, and no waiver of privilege or immunity
14 shall be deemed to have occurred. Upon such designation, the Inspecting Party shall
15 promptly collect all such documents and copies thereof and return them to the
16 Producing Person. Notwithstanding the foregoing, the Inspecting Party reserves the
17 right to contest the assertion of privilege or other protection with respect to any
18 document.

19     7. <u>Use of Confidential or Highly Confidential-Attorneys' Eyes Only Matter</u>.
20 Except with the prior written consent of the Producing Person or other person
21 designating Discovery Material as "Confidential" or "Highly Confidential-Attorneys'
22 Eyes Only," no such stamped or designated material may be disclosed to any person
23 except as hereinafter provided. Confidential Discovery Material shall be used only for
24 the prosecution and/or defense of the above-captioned action or any appeals
25 therefrom, and may be disclosed only under the circumstances and to the persons
26 specifically provided for in this or subsequent Orders of the Court, or with the express
27 written consent of the Producing Person with respect to specifically identified
28 Confidential Discovery Material, and shall not be used or employed for any other

-4-

purpose whatsoever; provided, however, that nothing herein is intended to waive any objections to the admissibility or discoverability of any Discovery Material in this or any other action or proceeding or any other objections to such Discovery Material or the production thereof. Further, nothing in this Order shall be construed as preventing an Inspecting Party from advising his or her client based on "Highly Confidential-Attorneys' Eyes Only" material to which the client does not have access, so long as the substance of the "Highly Confidential-Attorneys' Eyes Only" material is not disclosed to the client.

8. <u>Disclosure of Discovery Material Designated as "Confidential"</u>. Discovery Material designated by the Producing Person as "Confidential" or information derived therefrom may be disclosed or made available without written consent from the Producing Person only to the following persons:

(a) counsel of record to an Inspecting Party, including attorneys, clerks, paralegals, secretaries and other staff employed by such counsel;

(b) outside experts or consultants, otherwise unaffiliated with a party or its affiliates, retained in good faith to assist counsel in this action; provided the procedures of paragraph 10 set forth below are followed prior to disclosure;

(c) parties to this action, their officers, directors, board members, employees, and in-house counsel; provided that counsel making such disclosure shall inform each such person that the Discovery Material is confidential and may not be disclosed or used except as provided by this Order. Nothing in this subparagraph shall be construed to authorize the disclosure of Confidential Discovery Materials to any of the Parties' past, present or future Distributors or any employees/agents/representatives, former employees/agents/representatives, or future employees/agents/representatives of those Distributors;

(d) clerical and data processing personnel retained by counsel to the parties and involved in the production, reproduction, organizing, filing, coding,

cataloging, converting, storing, retrieving, and review of Confidential Discovery Material; provided that counsel making such disclosure shall inform each such person that the Discovery Material is confidential and may not be disclosed or used except as provided by this Order;

  (e)  the Court, pursuant to the terms of this Order;

  (f)  witnesses who appear at any deposition, hearing or trial in this Action, but only to the extent disclosure occurs in preparation for and/or during such deposition, hearing or trial; provided that counsel making such disclosure shall inform each such person that the Discovery Material is confidential and may not be disclosed or used except as provided by this Order;

  (g)  court reporters who record testimony taken in the course of this action or persons operating video recording equipment of and at such testimony; and

  (h)  any other person as agreed by all parties in writing or as the Court in this action may order in the interest of justice, upon such terms as the Court may deem proper.

9. <u>Disclosure of Discovery Material Designated as "Highly Confidential-Attorneys' Eyes Only"</u>. Discovery Material designated by the Producing Person as "Highly Confidential-Attorneys' Eyes Only" or information derived therefrom may be disclosed or made available without written consent from the Producing Person only to the following persons:

  (a)  the persons described in paragraphs 8(a), (b), (d), (e), (g) and (h);

  (b)  in-house counsel of the parties, provided that counsel making such disclosure shall inform each such person that the Discovery Material is Highly Confidential-Attorneys' Eyes Only and may not be disclosed or used except as provided by this Order; and

  (c)  witnesses who appear at any deposition, hearing or trial in this action, provided that such witnesses are limited to the author(s) and recipient(s)

of any such material and any other person(s) who it is apparent from the face of the material have seen such material before the commencement of this action, but only to the extent disclosure occurs in preparation for and/or during such deposition, hearing or trial; provided that counsel making such disclosure shall inform each such person that the Discovery Material is "Highly Confidential-Attorneys' Eyes Only" and may not be disclosed or used except as provided by this Order.

10. <u>Disclosing Confidential Discovery Material to Experts and/or Consultants</u>. At least five (5) days prior to disclosing Confidential Discovery Material to a consulting and/or testifying expert, the Inspecting Party must give notice to the Producing Person and provide the Producing Person with the expert's curriculum vitae. If the Producing Person objects to such disclosure, such party must inform the Inspecting Party within five (5) days of receiving notice and bring an appropriate motion before the Court to prevent such disclosure within fourteen (14) days of receiving notice. Until the Court makes a determination, the Inspecting Party shall withhold disclosing any Confidential Discovery Material to its consulting and/or testifying expert. Prior to disclosing Confidential Discovery Material to a consulting and/or testifying expert, such expert shall be provided with a copy of this Order and sign a sworn statement certifying that the expert agrees to be bound by this Order and will not use any Confidential Discovery Material for any purpose other than in connection with this lawsuit. A copy of such sworn statement must be retained by counsel to the party making disclosure to the expert or consultant.

11. <u>Filing Confidential Discovery Material With the Court</u>. If a party wishes to file Confidential Discovery Material with the Court the party shall submit a motion requesting to file such material under seal per the Court's standing procedures for Protective Orders and Documents Filed Under Seal. ~~and shall not file any such Confidential Discovery Material unless the Court grants the party's motion to file such material under seal~~.

-7-
STIPULATED PROTECTIVE ORDER

12. <u>Photocopies</u>. The Inspecting Party may make and use photocopies of a document designated "Confidential" or "Highly Confidential-Attorneys' Eyes Only" if such copies are used only for purposes and in manners consistent with this Order and only provided that all such copies are returned to counsel for the Producing Party or destroyed within the time and in the manner provided herein.

13. <u>Challenging Confidentiality Designations</u>. Nothing in this Stipulated Protective Order shall preclude any party from challenging before the Court a "Confidential" or "Highly Confidential-Attorneys' Eyes Only" designation of any document(s) made by any Producing Person pursuant to the terms of this Order. However, any challenges to the designations of any Discovery Materials produced by Eric Spivey shall be brought exclusively in the Northern District of Texas United States District Court in either Fort Worth, Texas or Dallas, Texas.

14. <u>Return or Destruction of Confidential Matter</u>. Within thirty (30) days of final adjudication, including but not limited to final adjudication of any appeals or petitions for extraordinary writs, or any agreed resolution, all copies of Confidential Discovery Material and any summaries or extracts thereof in the actual or constructive custody and possession of any party except the owner, or counsel for any party except the owner, shall be returned to counsel for the Producing Person by all persons to whom they have been furnished or destroyed and the Inspecting Party shall provide to the Producing Person an affidavit which attests to the destruction of such Confidential Discovery Material.

15. <u>No Effect on Use by Producing Person</u>. This Order has no effect upon, and its scope shall not extend to, any Producing Person's use of its own Confidential Discovery Material.

16. <u>No Disclosure to the Jury</u>. This Order or its existence shall not be offered or admitted into evidence at trial, argued to the jury, or otherwise disclosed to the jury.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

17. <u>Modification; No Effect on Discovery Objections</u>. Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery it believes to be otherwise improper.

18. <u>Notification of Compelled Disclosure</u>. If another court or administrative agency subpoenas or orders discovery of Confidential Discovery Material that a party has obtained under the terms of this Order, such party shall promptly notify the counsel for the Producing Person of the pendency of such subpoena or order.

19. <u>Counsel to Control Documents</u>. The counsel to the parties are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and, distribution of Confidential Discovery Material. Parties shall not duplicate any Confidential Discovery Material except working copies and copies for filing in court under seal.

20. <u>Survival of Order</u>. After termination of this action, this Order shall continue to be binding on the parties hereto, and upon all persons to whom Confidential Discovery Material has been disclosed or communicated, and this Court shall retain jurisdiction over the parties for enforcement of its provisions.

The foregoing Stipulated Protective Order is hereby approved and shall apply to all information, documents, and other items subject to discovery in this Action.

**IT IS SO ORDERED.**

Dated: July 8, 2011

*/s/ Patrick J. Walsh*
_____
Patrick J. Walsh
United States Magistrate Judge

[SIGNATURES OF COUNSEL ON NEXT PAGE]

The undersigned hereby stipulate to entry of above Order to be entered by the Court.

Dated: July 6, 2011

Respectfully submitted,

   /s/ Peter E. Perkowski
Gail J. Standish (SBN: 166334)
gstandish@winston.com
Peter E. Perkowski (SBN: 199491)
pperkowski@winston.com
Drew A. Robertson (SBN: 266317)
drobertson @ Winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

and

Dennis D. Murrell
Robert J. Theuerkauf
MIDDLETON REUTLINGER
2500 Brown & Williamson Tower
401 S. Fourth Street
Louisville, Kentucky 40202-3410
Telephone: (502) 584-1135
Facsimile: (502) 561-0442

Attorneys for Plaintiff,
BIOMET BIOLOGICS, LLC

Dated: July 6, 2011

Respectfully submitted,

 /s/ with consent of John M. Adams
John M. Adams
paip.law@verizon.net
PRICE & ADAMS
4135 Brownsville Road
P.O. Box 98127
Pittsburgh, PA 15227-0127
Telephone: (412) 882-7170
Facsimile: (412) 884-6650

and

David W. Koller (SBN: 125875)
davidkollerlaw@gmail.com
LAW OFFICES OF DAVID W. KOLLER
120 Fisherman's Wharf
Redondo Beach, California 90277
Telephone: (310) 376-0922
Facsimile: (310) 374-2647

Attorneys for Defendants and Counterclaimants

BIO RICH MEDICAL, INC.,
EDWARD MILLS RICH,
OROGEN BIOSCIENCES, INC.,
AND MICHAEL BUZINEUS