UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

O

| | |
|---|---|
| **BIOMET BIOLOGICS, LLC et al.,**  )<br>)<br>**Plaintiff(s),**  )<br>)<br>v.  )<br>)<br>**BIO RICH MEDICAL, INC. et al.,**  )<br>)<br>**Defendant(s).**  )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>_____ ) | CASE NO. SACV 10-1582 DOC (PJWx)<br><br>**O R D E R** DENYING MOTION TO STAY |

Before the Court is a Motion to Stay Pending Reexamination of Patent filed by Defendants Bio Rich Medical, Inc. and Edward Mills Rich ("Defendants") in the above-captioned case ("Motion to Stay") (Docket 47). After considering the moving and opposing papers and oral argument, and for the reasons described below, the Court hereby DENIES the Motion to Stay.

**I. Background**

Biomet Biologics, LLC and Plasmaseal have filed an Amended Complaint alleging that Defendants infringe upon U.S. Patent No. 5,585,007 for "Plasma Concentrate and Tissue Sealant Methods and Apparatuses for Making Concentrated Plasma and/or Tissue Sealant" ("the '007 patent") (Docket 38). On August 11, 2011,

Defendants filed an ex parte request for reexamination of the '007 patent with the U.S. Patent and Trademark Office ("PTO"). Defendants generally contend that the '007 patent is invalid because the claims asserted by Biomet are anticipated and rendered obvious by prior art not considered by the PTO during its examination of the application for the '007 patent. The prior art references allegedly raise substantial new questions of patentability of the claims issued in the '007 patent. The PTO has not yet determined whether it will grant Defendants' request for reexamination. On August 17, 2011, Defendants filed the present Motion to Stay, seeking to stay the entire case pending the resolution of the '007 patent in the PTO. Plaintiffs oppose the Motion to Stay.

## II. Legal Standard

A court's inherent power to "manage [its] dockets and stay proceedings" encompasses "the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988).  A stay may allow courts to take advantage of the PTO's specialized expertise in patents in order to reduce and streamline litigation.  *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) ("One purpose of the reexamination procedure is to eliminate trial (when the claim is canceled) or facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)."). Particularly when cases are still in the initial stages of litigation, courts have noted a "liberal policy in favor of granting motions to stay proceedings." *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).

No court is obligated, however, to stay its proceedings while there is a pending patent reexamination, regardless of whether the court is analyzing the same issues as the PTO. *Fresenius Medical Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-1431 SBA, 2007 WL 1655625, at *3 (N.D. Cal. 2007). Generally, if a stay would "more likely than not delay the district court proceedings without any countervailing benefit, the court should proceed with the merits of the case without the benefit of the Patent Office reexamination." *Agar Corp. v. Multi-Fluid Inc.*, 983 F. Supp. 1126, 1127 (S.D. Tex. 1997).

Courts have considered the following three factors when evaluating requests for a stay: (1) whether a stay would simplify the claims and issues; (2) whether discovery is completed and whether a trial date is set; and (3) whether a stay would unduly prejudice or create a tactical disadvantage for the non-moving party. *IMAX Corp. v. In-Three, Inc.*, 385 F. Supp. 2d 1030, 1032 (C.D. Cal. 2005) (citing *Guthy-Renker Fitness L.L.C. v. Icon Health and Fitness, Inc.,* No. CV 97-7681 LGB (EX), 1998 WL 670240, at *2 (C.D. Cal. Jul. 17, 1998)).

### III. Discussion

An analysis of the above-mentioned three factors leads to the conclusion that a stay is not appropriate in this case. Although the PTO reexamination has the potential to simplify issues in this case, that possibility does not outweigh the likely resulting prejudice to Plaintiffs. Each of the three factors will be discussed in turn.

**Progress of Case**

Courts are significantly more likely to grant motions to stay while litigation is in its early stages. "The later in the litigation that the reexamination request is made, the more likely it is to represent a tactical move for delay." *Avago Technologies Fiber IP (Singapore) PTE Ltd. v. IPtronics Inc.,* No. 10-CV-02836-EJD, 2011 WL 3267768, at *4 (N.D. Cal. July 28, 2011). Here, Defendants' argument that the case is still in its early stages is significantly diminished by the fact that Defendants themselves have caused substantial delays in the progress of this case. Further, discovery is set to close in eight months and a trial date has already been set. These considerations are, however, counterbalanced by the fact that there has not yet been a significant amount of discovery and the trial date is not until next summer. Consequently, this factor does not weigh strongly in either direction.

**Prejudice**

If a stay would result in prejudice or a clear tactical disadvantage to the non-moving party, courts have generally denied the motion to stay. Here, because Defendants allegedly continue to infringe upon Plaintiffs' patent in direct competition with Plaintiff, a delay has the potential to cause severe prejudice. Defendants suggest that Plaintiffs are immune from irreparable injury because they did not seek a preliminary injunction. But, as other courts have pointed out, "[t]his contention is flawed" because Plaintiffs "might have other reasons for deciding not to pursue injunctive relief at this stage – for example, the difficulty of showing a likelihood of success on the merits while its patents are in reexamination." *Avago,* 2011 WL 3267768, at *6. Like the *Avago* court, this Court will not hold against Plaintiffs their decision not to pursue a preliminary injunction.

Second, Plaintiffs are rightfully concerned about the remaining life of the '007 patent after the completion of the reexamination. The PTO's own statistics show that reexamination proceedings, on average, take over two years to complete. Declaration of Robert J. Theuerkauf ¶ 12, Ex. K. Because the PTO has not yet even decided to accept Defendants' reexamination request, it is likely that the reexamination, if the request is ultimately granted, would not be completed until the end of 2013 or beginning of 2014. The '007 patent expires in December 2014. Plaintiffs' Opposition, 8. Placing the '007 patent in limbo for the majority of its remaining life would create a clear tactical disadvantage for Plaintiffs. Thus, the prejudice factor weighs strongly against granting Defendants' Motion to Stay.

### Simplification

Defendants' reliance on PTO reexamination statistics is not sufficient support to warrant a stay in the present case. Although there is a statistically significant chance that a reexamined patent may be amended, Defendants reach too far in asserting that it "is highly likely in the present case that at least some of the claims will be cancelled." Defendants' Motion to Stay, 15. Additionally, Defendants seek declarations of non-infringement and invalidity with respect to two unrelated patents that are not subject to reexamination, as well as counterclaims for sham litigation and an antitrust violation. Defendants' Answer to Plaintiffs' First Amended Complaint, ¶ 56, 74-80. The Court will still litigate these issues regardless of the PTO's reexamination of the '007 patent. Consequently, although the PTO's reexamination of the '007 patent has the potential to simplify the issues at trial, that mere possibility is not sufficient to outweigh the likely prejudice against Plaintiffs if the stay was granted. As other courts have held, permitting

a stay because some relevant claims may be affected "would invite parties to unilaterally derail timely patent case resolution by seeking reexamination." *Largan Precision Co. Ltd. v. Fujifilm Corp.,* No. C 10-1318 SBA, 2011 WL 794983, at *2 (N.D. Cal. Mar. 1, 2011) (citing *Soverain Software LLC v. Amazon.com, Inc.,* 356 F. Supp. 2d 660, 662-63 (E.D. Tex. 2005)).

### IV. Disposition

For the foregoing reasons, Defendants' Motion to Stay is hereby DENIED.

IT IS SO ORDERED.

DATED: September 26, 2011

*[signature: David O. Carter]*

DAVID O. CARTER
United States District Judge